UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-03508-AB (ASx) | Date: | August 9, 2016 |
|---|---|---|---|

| Title: | *Maria Neumayer v. Allstate Insurance Company* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order DENYING Motion for Remand (Dkt. No. 15) and GRANTING Motion to Dismiss (Dkt. No. 6)

Before the Court are Plaintiff Maria Neumayer's ("Plaintiff") Motion for Remand (Dkt. No. 15) and Defendant Allstate Insurance Company's ("Defendant") Motion to Dismiss First Cause of Action for Breach of Contract (Dkt. No. 6).  Oppositions and Replies were filed as to both motions.  The Court previously took the motions under submission.  For the following reasons, the Court **DENIES** the motion for remand and **GRANTS** the motion to dismiss.

## I. BACKGROUND

Plaintiff asserts claims against her insurance company arising out of a claim she made on her policy's uninsured motorist coverage.  Plaintiff alleges that pursuant to the policy, she submitted her claim for arbitration, and Defendant "refused to settle Plaintiff's claim for $15,000.00 and offered only $9,000.00 to settle general damages claim, barely more than Plaintiff's medical expenses."  Compl. ¶ 17.  Plaintiff also alleges that her

claim was worth less than what Defendant paid to arbitrate it, and that Defendant knew she could not afford her $4,925 share of the arbitration cost (the Complaint suggests Plaintiff is indigent and could not afford to advance the fee). *Id.* Plaintiff also alleges that the arbitration was a "sham" in that it was conducted without her participation or agreement. *Id.* at ¶ 18. The Complaint also alleges that Plaintiff and her counsel attempted to negotiate a way to for her to pay the fee, but Defendant did not cooperate. *Id.* at ¶¶ 19-23.

Based on these allegations, Plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and seeks "unpaid Policy benefits in the approximate amount of $70,000," plus attorneys' fees, general damages including anxiety and other emotional damages, and punitive damages. *Id.* pp. 10-11. Plaintiff asks in the alternative for the court to "set aside the sham arbitration award and order Plaintiff's original [uninsured motorist] claim to be tried at a superior court. . ." *Id.* p. 11.

## II. DISCUSSION

### A. Plaintiff's Motion for Remand is <u>DENIED</u>.

Defendant removed the action to federal court based on diversity jurisdiction. Plaintiff argues that the case should be remanded because the amount in controversy is not satisfied.

Federal jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements of 28 U.S.C. § 1332 are satisfied and if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

Plaintiff suggests that amount in controversy is established by her $15,000 settlement demand, so the amount in controversy does not exceed $75,000. This is not persuasive. The Complaint expressly seeks $70,000 in compensatory damages, plus attorneys' fees, emotional distress damages, and punitive damages. It is obvious that

expressly claiming $70,000 in compensatory damages in addition to these other categories of damages puts the amount in controversy above $75,000.  Defense counsel also states in her declaration that while discussing this motion, she asked Plaintiff's counsel if he would stipulate to cap damages at $75,000, and he responded that he would cap compensatory damages at $75,000, but would seek punitive damages beyond that amount.  *See* Badawi Decl. ¶ 3.  This reinforces the conclusion that the amount in controversy is satisfied.  The motion for remand is therefore **DENIED**.

### B. The Motion to Dismiss Plaintiff's Breach of Contract Claim is **GRANTED**.

Defendant also move to dismiss Plaintiff's claim for breach of contract for failure to state a claim.

#### 1. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  The Complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Rule 12(b)(6) also allows a court to dismiss a claim in the complaint sua sponte if it appears that the plaintiff cannot prevail on the claim as alleged.  *See Omar v. Sea–Land Serv., Inc*., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

#### 2. The Complaint Fails to State a Claim for Breach of Contract

To plead a claim for breach of contract, a plaintiff must allege "(1) [a] contract, (2)

plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to the plaintiff therefrom." *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (citation omitted).

Here, Plaintiff has not alleged that Defendant breached any term of the insurance contract. Instead, the Complaint alleges that the parties underwent the arbitration process as required by the contract. Compl. ¶¶ 14, 15. Plaintiff does not allege that Defendant failed to undergo arbitration, or has not complied with the arbitration award. Thus, Plaintiff has not alleged any conduct that amounts to breach.

Plaintiff claims that Defendant did not disclose to the arbitrator that it initially assessed her case to be worth $9,000, and failed to arrange for a payment plan for the arbitration fee, and as a result the arbitration was a "sham" proceeding. *See, e.g.*, Compl. ¶¶ 18, 19-23. However, such allegations do not add up to a claim for breach of contract. Arguably, they may support a claim for breach of the implied covenant of good faith and fair dealing, which is distinct from a breach of contract claim. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1394 (1990) ("[a] breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself."). Tellingly, Plaintiff relies on the legal standard for breach of the convenant to defend her breach of contract claim and entirely fails to explain how the Complaint pleads a breach of contract claim. *See, e.g.*, Opp'n 4:14-28 (discussing insurance bad faith and breach of the implied covenant of good faith and fair dealing). Also tellingly, Defendant has not moved to dismiss Plaintiff's breach of the implied covenant claim. Because Plaintiff has not pled breach, she has not plead a claim for breach of contract.

The Court also notes that Plaintiff's putative breach of contract claim fails insofar as it is a veiled attack on the arbitration proceeding. The California Insurance Code requires uninsured motorist claims to be determined in binding arbitration. *See* Cal. Ins. Code § 11580.2(f). An arbitration order resolving an insurance claim has the same force as a judgment in a civil action, so a lawsuit to compel policy benefits is tantamount to a collateral attack on the arbitration award. *See Rios v. Allstate Ins. Co.*, 68 Cal.App.3d 811, 818 (1977) (so holding). Therefore, the doctrine of collateral estoppel bars Plaintiff from litigating her entitlement to policy benefits in this action. If Plaintiff wished to challenge the award, she could have moved to vacate or correct it. *See Klubnikin v. California Fair Plan Assn.*, 84 Cal.App.3d 393, 398 (1978) (noting procedure to challenge arbitration award). Plaintiff here has not pursued either remedy. In any event, a claim for breach of contract cannot provide a remedy for Plaintiff's dissatisfaction with the arbitration proceeding.

No amendment can cure these defects in Plaintiff's breach of contract claim, so it

will be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons the Court:

- **DENIES** Plaintiff's Motion for Remand, and

- **GRANTS** Defendant's Motion to Dismiss Plaintiff's Claim for Breach of Contract. The breach of contract claim is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**